IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PHILLIP M. ANGELLAN,

      Plaintiff,

 v.           Case No. 3:22-cv-00134-SLG-KFR

MOSHE ZOREA,

      Defendant.

**REPORT & RECOMMENDATION TO DISMISS**

 On May 24, 2022, Phillip Michael Angellan, a self-represented prisoner, (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, and an Application to Waive Prepayment of the Filing.[1] Plaintiff filed a supplemental letter as well on June 29, 2022.[2] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

**SCREENING REQUIREMENT**

 Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.[3]

 To determine whether a complaint states a valid claim for relief, courts

---
[1] Dkts. 1-3.
[2] Dkt. 4.
[3] 28 U.S.C. § 1915A.

consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[7]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against Defendant in his personal capacity.[8] In his first and only claim, Plaintiff alleges Defendant, an attorney hired by Plaintiff to represent him in a criminal matter, violated his civil rights by rendering ineffective assistance.[9] Generally speaking, Plaintiff claims that on or about August of 2021, Defendant did not conduct any investigation, research, or interviews in preparation for trial, nor did Defendant share discovery with Plaintiff in order to allow Plaintiff to prepare for trial.[10] Plaintiff states that he "hired [Defendant] and thought to receive better representation then (sic) a court appointed public defender, instead,

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[8] Dkt. 1 at 2.
[9] *Id*.
[10] *Id*.

I gave money to [Defendant] with nothing good to show for."[11] In his subsequent letter, Plaintiff further asserts that Defendant violated his Sixth Amendment right to effective assistance of counsel.[12]

For relief, Plaintiff requests damages in the amount of $3000.00, punitive damages in the amount of $2500.00 a day for one year, for "distroying (sic) and throwing away written material leading [that could lead to] evidence useful and helpful in Plaintiff's behalf. A[nd] Mental Anguish", an order requiring Defendant to "pay plaintiff as demanded," and a declaration that "the court grant and demand defendant to pay all damages."[13] Plaintiff does not request a trial by jury.[14]

## II. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

Factual allegations may not be speculative but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[17] A complaint that offers legal

---

[11] *Id.*

[12] Dkt. 4. While the Court notes Plaintiff's Letter, the Court also notes that such letter is not the appropriate way to amend a Complaint, and therefore takes no action on it. *See* Fed. R. Civ. P. 15(a); Local Civil Rule 15.1.

[13] *Id.* at 8.

[14] *Id.*

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Id.*

[17] *Id.* (internal citations and quotations omitted).

Report and Recommendation
*Angellan v. Zorea*
3:22-cv-00134-SLG-KFR

3

conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

Here, Plaintiff pleads sufficient plausible facts that under certain circumstances if proven true could demonstrate a harm. However, claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[18] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[19] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors and be eligible for suit.[20]

### III. Defendant

A privately-retained attorney does not act under color of state law for the purposes of a § 1983 claim.[21] As is true with lawyers appointed to represent criminal defendants, a private attorney's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[22] In this way, a privately retained attorney is no different than a court-appointed lawyer, who in no way can be considered a state actor, but whose "duties and obligations [to the client]

---

[18] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[19] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[21] *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir.1977); *see also Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003) (holding that plaintiffs may not sue a lawyer in private practice for violations of their civil rights because private practice attorneys are not state actors).
[22] *Id.*

are the same."[23]

Defendant is a private attorney practicing in the State of Alaska at a private firm Plaintiff retained to provide representation in his criminal case. Under these facts, Defendant is not a state actor as a matter of law. Therefore, he cannot be sued under § 1983.[24]

**CONCLUSION**

Defendant is not a proper defendant for a § 1983 suit. In addition, amendment in the federal court would be futile as there are no allegations that could cure the defective pleading. Therefore, this Court recommends Dismissing Plaintiff's Complaint without Prejudice for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED:**

1. This action be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.
2. The Clerk of Court issue a final judgment.

DATED this 20th day of September, 2022 at Anchorage, Alaska.

*s/Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[23] *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

[24] Plaintiff raises allegations relating to his attorney's representation in his still-ongoing state case. Upon a review of Plaintiff's State Court records, it appears as if Defendant was dismissed/withdrawn as Plaintiff's counsel on or about August 24, 2021. It is unknown if the allegations in the complaint were the basis of Defendant's departure from the state case. At this stage in Plaintiff's state case, concerns regarding an attorney's representation and compliance with the Rules of Professional Conduct are properly addressed as part of his state case and with the Alaska Bar Association, not in a § 1983 suit.

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[25] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[26]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[27] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[28]

---

[25] 28 U.S.C. § 636(b)(1)(B).
[26] 28 U.S.C. § 636(b)(1)(C).
[27] *Id.*
[28] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).